UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALPHONSO JAMES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRIAN RIORDAN, et al.,<br><br>　　　　　Defendants. | Civil Action No. 13-1667 (ES)<br><br>MEMORANDUM OPINION |

It appearing that:

1. On March 12, 2013, Plaintiff Alphonso James ("Plaintiff") filed a civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Brian Riordan, Officer Pias, and Officer Greza ("Defendants"), alleging a failure to protect Plaintiff from an assault by a fellow inmate while he was incarcerated at Union County Jail. (D.E. No. 1, Complaint ("Compl.")).

2. After Defendants filed their Answer, the Court scheduled the initial Rule 16 conference for April 24, 2014, but it was subsequently canceled because Plaintiff was no longer being held at Union County Jail and failed to advise the Court of his new address. (D.E. Nos. 12, 13, 14). In May 2014, Plaintiff sent a letter to the Court that contained his new address, and the Court entered a pretrial scheduling order. (D.E. Nos. 15, 16). During the next conference with the Court, on December 2, 2014, Plaintiff advised that he would be released from prison in April 2015, and the Court suspended discovery until that time. (D.E. No. 23). Also during that conference, Plaintiff provided the Court with the address where he would be living when he was released from prison. (*Id.*). In May 2015, after he had been released from prison, the Court sent Plaintiff correspondence at the address that he provided during the December 2014 status conference, but

that correspondence was returned to the Court marked "undeliverable." (D.E. No. 26).

3. Based on Plaintiff's failure to again provide the Court with his current address, Defendants filed a motion to dismiss for lack of prosecution on June 30, 2015. (D.E. No. 28). Thereafter, on July 10, 2015, Plaintiff submitted a letter detailing recent events in his life and providing the Court with his current address. (D.E. No. 29). As a result, the Court denied Defendants' motion without prejudice, but permitted Defendants to re-file should Plaintiff fail to update his address again. (D.E. No. 30). A copy of that order sent to the latest address that Plaintiff provided was returned to the Court as undeliverable in November 2015. (D.E. No. 31). Based on that returned mail, Defendants renewed their Motion to Dismiss in December 2015. (D.E. No. 32). Plaintiff did not file any response to the Motion and has not contacted the Court or Defendants since July 2015.

4. Federal Rule of Civil Procedure 41(b) permits a defendant to seek the dismissal of a claim for failure to prosecute and/or to comply with a Court order. See Fed. R. Civ. P. 41(b). When addressing a motion to dismiss on these grounds, the court typically must weigh the six factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 864, 867-68 (3d Cir. 1984). However, "when a litigant's conduct makes adjudication of the case impossible, such balancing under *Poulis* is unnecessary." *Shipman v. Delaware*, 381 F. App'x 162, 164 (3d Cir. 2010) (citing *Guyer v. Beard*, 907 F.2d 1424, 1429-30 (3d Cir. 1990); *Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994)); *see also Doe v. Megless*, 654 F.3d 404, 411 (3d Cir. 2011) (the District Court did not clearly err in determining that "[b]ecause Doe's conduct makes adjudication of the case impossible, dismissal pursuant to Rule 41(b) is appropriate, even without consideration of the *Poulis* factors").

5. This case falls into the category of cases identified by the Third Circuit where no extensive *Poulis* analysis is required. Local Civil Rule 10.1 requires Plaintiff to provide the Court with an up-to-date mailing address. L. Civ. R. 10.1. On three separate occasions in this matter, Plaintiff has moved to a new address and failed to update the Court, despite being expressly advised that he must do so. Most recently, when dismissing Defendants' prior motion to dismiss, the Court expressly stated that Defendants could renew their motion should Plaintiff fail to keep his address current. Despite the Court's order, Plaintiff did not respond to the instant Motion to Dismiss and has not otherwise contacted the Court since July 2015. Given the consistent failure to provide a current address, Plaintiff has made adjudication of this matter impossible and the sanction of dismissal is warranted. *See McLaren v. New Jersey Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012) ("[t]herefore, we conclude that the District Court did not abuse its discretion in dismissing the case as a sanction for McLaren's failure to provide the Court with an accurate mailing address").

6. Nevertheless, a balancing of the *Poulis* factors, too, favors dismissal. Under *Poulis*, the Court must evaluate:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868. "[N]o single *Poulis* factor is dispositive [and] not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (citations and internal quotation marks omitted).

3

7. With regard to the first factor, a *pro se* plaintiff is responsible for his failure to attend a pretrial conference or otherwise comply with a court's orders. *Id.* at 259. As discussed above, Local Civil Rule 10.1 requires a party to update their address with the Court within 10 days of any change. Plaintiff failed to do so on three different occasions and since July 2015, the Court has not had a valid address at which it can reach him. As a *pro se* litigant, Plaintiff is responsible for this failure, and the first *Poulis* factor weighs in favor of dismissal. *Id.*; *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (because plaintiff is proceeding *pro se*, his failure to comply with its orders could not be blamed on counsel).

8. The second factor also weights in favor of dismissal. Prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Briscoe*, 538 F.3d at 259 (citing *Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 873-74 (3d Cir. 1994)). Prejudice is not limited to "irremediable" or "irreparable" harm; it also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). In this case, over three years have elapsed since the filing of the Complaint and it does not appear that Plaintiff has responded to any discovery requests, or made any discovery requests of his own. The case has essentially not even begun yet due to Plaintiff's failure to stay in contact with the Court and his adversaries.

9. Factor number three also supports dismissal. Plaintiff has demonstrated a history of dilatoriness by repeatedly failing to follow the Court's directives and guidance. *See Adams*, 29 F.3d at 874 ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such

as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."). As previously discussed, Plaintiff was instructed on several occasions to keep his address current. His repeated failure to do so and lack of any explanation for the most recent failure weighs in favor of dismissal.

10. There are insufficient facts to warrant an inference of bad faith or willfulness, which is the fourth *Poulis* factor. Under this factor, the Court must consider whether the conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." *Id.* at 875 (internal quotation marks and citation omitted). Generally, "[w]illfulness involves intentional or self-serving behavior." *Briscoe*, 538 F.3d at 262 (citing *Adams*, 29 F.3d at 875). If the conduct is merely negligent or inadvertent, we will not call the conduct "contumacious." *Id.* (citing *Poulis*, 747 F.2d at 868-69 (finding that plaintiff's counsel's behavior was not contumacious because, although he had missed deadlines, there was no suggestion that his delays were for any reason other than his and his wife's poor health)). While Plaintiff may be inexcusably negligent for failing to update his address, or otherwise prosecute his case in any meaningful way, that is not enough to meet the *Poulis* standard of willfulness. *Id.*

11. The fifth *Poulis* factor requires the Court to consider the effectiveness of sanctions short of dismissal. Plaintiff is proceeding *pro se* and has applied to proceed *in forma pauperis*; therefore, monetary sanctions would not be an effective alternative. *See Emerson*, 296 F.3d at 191. Moreover, even after Plaintiff was advised of the potential for dismissal, he still failed to keep his address current. (D.E. No. 30). As such, the Court finds no other sanction would be effective.

12. Finally, to determine whether a plaintiff's claim is meritorious for purposes of the

sixth factor, courts use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Poulis*, 747 F.2d at 869-70. Here, the Court conducted its initial screening of the Complaint and determined that it could proceed under 28 U.S.C. §§ 1915, 1915A, an analysis similar to the 12(b)(6) standard. (D.E. No. 3). Based on that previous Order, the Court finds that Plaintiff's claims are meritorious for purposes of the final *Poulis* factor.

13. Upon balancing the *Poulis* factors, the Court finds that the Complaint should be dismissed. The first, second, third and fifth factors all weigh in favor of dismissal, while only the fourth and sixth weigh against dismissal. Moreover, when looking at the factors as a whole, the Court is left with no alternative other than dismissal. Plaintiff has repeatedly failed to keep his address current and both the Court and Defendants are unable to contact him. As a result, a case that began in 2013 is still in its earliest stages with no ability to move forward.

14. Based on the foregoing, the Court will dismiss the Complaint; however the dismissal will be *without prejudice* at this time. The Court will give Plaintiff 30 days to show cause why the Complaint should not be dismissed *with prejudice*. If Plaintiff fails to respond within the 30 day period, the Court will dismiss this matter *with prejudice* without further discussion. An appropriate order follows.

_____
Esther Salas, U.S.D.J.